UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| CARLOS RIOS HERNANDEZ, | ) | |
| Institutional ID No. 29057-048, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:13-CV-258-BG |
| H BRYAN, Associate Warden, | ) | ECF |
| Dalby Facility, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Carlos Rios Hernandez filed this civil rights action *in forma pauperis* on November 8, 2013, claiming that prison officials at Giles W. Dalby Correctional Facility (Dalby Facility) denied him adequate medical care. Hernandez seeks declaratory and injunctive relief. The United States District Court reassigned the case to the undersigned United States Magistrate Judge on August 27, 2014.

**I.     Discussion**

The court must screen a complaint brought *in forma pauperis* and dismiss it if the allegation of poverty is untrue or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2014).

The undersigned entered an order to complete questionnaire on November 26, 2014, pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). The order required Hernandez to complete the questionnaire within thirty days from the date of the order. (ECF No. 17.) Hernandez did not

return the questionnaire.  In an attempt to obtain a response to the questionnaire, the undersigned entered a second order to complete questionnaire on January 12, 2015, which required Hernandez to complete the questionnaire within twenty days of the date of the order and admonished Hernandez that failure to complete the questionnaire would likely result in dismissal of his Complaint.  (ECF No. 18.)  As of the date of this report and recommendation, Hernandez has not provided responses to the questionnaire as required in the initial order entered on November 26, 2014.

## II.     Recommendation

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997).  It is, therefore, recommended that the United States District Court dismiss Hernandez's Complaint for want of prosecution.

## III.    Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are

accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:   March 23, 2015.

NANCY M. KOENIG
United States Magistrate Judge